**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TRUMAN LEON WOLERY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 04-CV-0940-CVE-PJC |
| | ) |
| MIKE ADDISON, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action commenced by Petitioner, a state inmate appearing *pro se*. In response to the petition, Respondent filed a motion to dismiss (Dkt. # 6). Petitioner filed a response to the motion to dismiss (Dkt. # 9). Respondent's motion to dismiss is premised on the allegation that Petitioner failed to file this petition for writ of habeas corpus within the one-year limitations period prescribed by 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). For the reasons discussed below, the Court finds that the petition is untimely filed and Respondent's motion to dismiss shall be granted.

*BACKGROUND*

On July 27, 2001, in Ottawa County District Court, Case No. CF-1999-351A, Petitioner entered pleas of guilty to charges of Sodomy (2 counts), Second Degree Rape by Instrumentation, Second Degree Rape, Lewd Molestation Acts, Indecent Exposure, Soliciting in Child Prostitution, and Conspiracy to Solicit and Procure a Person under Eighteen to Appear in Lewd Photographs (2 counts). His sentences total fifty (50) years imprisonment. Petitioner failed to withdraw his guilty pleas and did not perfect a *certiorari* appeal in the Oklahoma Court of Criminal Appeals ("OCCA").

More than three (3) years later, on August 27, 2004, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 7, Ex A, attachment B. By order filed

September 15, 2004, the state district court denied the application. See Dkt. # 7, Ex. A, attachment A. Petitioner appealed. By order filed November 12, 2004, in PC-2004-1023, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 7, Ex. B.

Petitioner filed the instant federal petition for writ of habeas corpus on December 20, 2004. See Dkt. # 1. In the petition, Petitioner challenges his sentences entered in CF-1999-351A, and argues, as he did in his state application for post-conviction relief, that he was improperly sentenced under Blakely v. Washington, 542 U.S. 296 (2004).

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B),

2

(C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations. Because Petitioner failed to move to withdraw his guilty pleas and did not pursue a *certiorari* appeal, his convictions became final, pursuant to § 2244(d)(1)(A), ten (10) days after entry of his Judgment and Sentences, or on August 6, 2001. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock began to run on August 6, 2001, and, absent a tolling event, a federal petition for writ of habeas corpus filed after August 6, 2002, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did seek any post-conviction relief during the one-year limitations period. Petitioner did not file his post-conviction application until August 27, 2004, or more than two (2) years beyond the one-year habeas deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding filed

3

by Petitioner did not toll the limitations period in this case. Therefore, the habeas corpus petition, filed December 20, 2004, appears to be untimely.

In his reply to Respondent's response, Petitioner states that his "claim of 'enhanced consecutive sentencing' vs. 'concurrent sentencing' is a violation of his Sixth Amendment right to have a jury to assess and declare the full issue of punishment within their verdict under legislative authority in 22 O.S. § 926." See Dkt. # 9 at 6. Petitioner specifically relies on principles announced by the United States Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000),[1] Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). See Dkt. # 9 at 5-6. As to the timeliness of his petition, Petitioner asserts that the basis of his claim "could not have been reasonably formulated under Oklahoma or Federal Law and was unavailable until the United States Supreme Court rendered their decision in Blakely v. United States, 124 S.Ct. 2531 (2004) . . . ." See id.

The Court disagrees with Petitioner's argument. As stated above, section 2244 delays the start of the limitations period only for newly recognized constitutional rights that are retroactively applicable. 28 U.S.C. § 2244(d)(1)(C). Even if Petitioner's claim that his consecutive sentences somehow constituted "enhancement" precluded by Apprendi and its progeny, including Blakely and Booker, his argument fails because the Supreme Court's holdings in those case have not been made retroactively applicable to cases on collateral review. The Supreme Court expressly applied its holding in Booker only to cases on direct review. Booker, 125 S.Ct. at 769. That Court did not expressly declare, nor has it since declared, that Booker should be applied retroactively to cases on

---

[1] The Court notes that Apprendi was decided June 26, 2000, or more than a year before Petitioner entered his pleas of guilty. As a result, a claim under Apprendi was available at the time of Petitioner's sentencing and became time-barred as of August 6, 2002, or one-year after Petitioner's convictions became final. 28 U.S.C. § 2244(d)(1)(A).

collateral review. In addition, the Tenth Circuit Court of Appeals has refused to apply Apprendi, Blakely, or Booker retroactively to cases on collateral review. United States v. Bellamy, 411 F.3d 1182, 1184 (10th Cir. 2005) (holding that "Booker does not apply retroactively to criminal cases that became final before its effective date of January 12, 2005"); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005) (holding that Blakely does not apply retroactively to convictions that were already final at the time Blakely issued); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005) (holding that Booker may not be applied retroactively to second or successive habeas petitions); United States v. Mora, 293 F.3d 1213, 1219 (10th Cir. 2002) (finding that Apprendi is not retroactively applicable to habeas petitions). Because the Supreme Court's decisions in Apprendi, Blakely, and Booker do not apply retroactively to cases on collateral review, they do not provide a basis for restarting Petitioner's one-year limitations period.

Aside from the recent Supreme Court decisions, Petitioner provides no explanation for the delay in filing this habeas corpus petition. Although the statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, "this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner in this case has not identified, nor does the record suggest, any extraordinary circumstances that would justify equitable tolling of the one-year limitations period. Therefore, the Court concludes that the petition for writ of habeas corpus, filed December 20, 2004, is precluded by the statute of limitations.

*CONCLUSION*

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Therefore, Respondent's motion to dismiss time barred petition shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition as barred by the statute of limitations (Dkt. # 6) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice.**

**IT IS SO ORDERED** this 13th day of February, 2006.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT